## CUNNING VS. KEMP.

*Attorney's Services: rule for estimating value.—Instructions to Jury: when special instructions should be asked.*

1. In an action by an attorney for the value of services rendered to defendant in a criminal action, it was not error to instruct the jury that in estimating the value of such services they might take into consideration the amount plaintiff had settled for with other persons charged in the same indictment, and for whom the same services were rendered.
2. If plaintiff, in consideration of the poverty of some of the persons indicted, had settled with them for less than his services were worth, or if the services rendered to defendant were more valuable than those rendered to the others, plaintiff should have prepared and asked the court to give special instructions on those points.

APPEAL from the Circuit Court for *Ozaukee* County.

Action for plaintiff's services as attorney. The essential facts of the case will appear from the charge of the circuit court to the jury, which was in substance as follows: " Defendant and a number of others were arrested by military authority for riot and opposing the draft. [*In re Kemp*, 16 Wis., 359.] Defendant employed the plaintiff as attorney, and he obtained defendant's release, and claims pay for his services. There is some evidence showing that there was some understanding that $25 from each would settle the attorney's fees in the *habeas corpus* case. If there was such an understanding, then defendant would not be required to pay more than the others; and if you should find that defendant has already paid $25 on attorney's fees in this matter, agreeably to said understanding, then he could not recover at all for that. At the next term of the circuit court in that county, defendant and a number of others were indicted for riot in one indictment. Plaintiff claims that he was defendant's attorney, and pleaded in abatement to the indictment, and procured the discharge of defendant and

the others who were joinly indicted with him. If you find that plaintiff was engaged in this indictment and has not been paid, you must find a verdict for him for some amount; and it would be proper for you to take into consideration the amount for which he has settled with others in ascertaining what he would be entitled to."

Verdict for plaintiff; and a motion by him for a new trial being denied, he appealed from the judgment on the verdict.

*Hugh Cunning*, appellant, in person.

*Geo. W. Foster*, for the respondent.

Dixon, C. J. This case comes up on exceptions to the instructions of the court to the jury, and to an order overruling a motion for a new trial. The grounds of the motion do not appear, but they probably were that the court erred in the instructions; so that the case turns on the correctness of the instructions alone. We see no error in the instructions for which the judgment ought to be reversed. The judge was certainly right when he said to the jury that the question seemed to be, whether the plaintiff was entitled to fees for his services as attorney for defendant in the *habeas corpus* case. Nor was he wrong when he said that there was evidence showing that there was some understanding that twenty-five dollars from each of the parties interested in that case would settle the attorney's fees. There was some evidence to that effect. The judge then proceeded, as we think, very fairly, to submit that question to the jury. He neither assumed that there was or was not such an understanding, but left it to the jury to determine, and if the jury should find that there was, it was then for them to say whether the defendant had paid the twenty-five dollars agreeably to the understanding.

The residue of the instructions seem equally unexceptionable. It was, as a general proposition, correct enough

for the court to instruct the jury, that in estimating the value of the plaintiff's services in the case upon indictment, they might take into consideration the amount he had settled for with other persons charged in the same indictment, and for whom the same services were rendered. If the plaintiff, in consideration of the poverty of some of the persons indicted, had settled with them for a less sum than his services were really worth, or if the services rendered for the defendant in this action were greater or more valuable than those rendered for the others, these were matters to be brought to the attention of the jury by special instructions prepared by the plaintiff and presented to the court for that purpose. They are not matters which can be reached by exception to a charge, otherwise generally correct, when it is obvious, from the nature of the exceptions, that the attention of the court was not called to the specific grounds of objection urged. They are more properly the subject of special instructions, to be asked by the party who insists upon them.

*By the Court.*—Judgment affirmed.